IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **DIGITAL VERIFICATION SYSTEMS, LLC,**<br><br>      Plaintiff,<br><br>v.<br><br>**ENTRUST CORPORATION,**<br><br>      Defendant. | Case No. 3:25-cv-1359<br><br>**JURY TRIAL DEMANDED**<br><br>**PATENT CASE** |

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Digital Verification Systems, LLC files this Original Complaint for Patent Infringement against Entrust Corporation and would respectfully show the Court as follows:

**I.   THE PARTIES**

1.   Plaintiff Digital Verification Systems, LLC ("DVS" or "Plaintiff") is a Texas limited liability company having an address at 1 East Broward Boulevard, Suite 700, Fort Lauderdale, FL 33301.

2.   On information and belief, Defendant Entrust Corporation ("Entrust" or "Defendant") is a Delaware corporation with a regular and established place of business at The Crossings, 5429 Lyndon B Johnson Fwy, Suite 550, Dallas, TX 75240.  Defendant has a Texas registered agent at Corporation Service Company d/b/a CSC-Lawyers Incorp., 211 E. 7th Street, Suite 620, Austin, TX 78701.

**II.   JURISDICTION AND VENUE**

3.   This action arises under the patent laws of the United States, Title 35 of the United States Code.  This Court has subject matter jurisdiction of such action under 28 U.S.C. §§ 1331 and 1338(a).

1

4.     On information and belief, Defendant is subject to this Court's specific and general personal jurisdiction, pursuant to due process and the Texas Long-Arm Statute, due at least to its business in this forum, including at least a portion of the infringements alleged herein at 5429 Lyndon B Johnson Fwy, Suite 550, Dallas, TX 75240.

5.     Without limitation, on information and belief, Defendant has derived revenues from its infringing acts occurring within Texas.  Further, on information and belief, Defendant is subject to the Court's general jurisdiction, including from regularly doing or soliciting business, engaging in other persistent courses of conduct, and deriving substantial revenue from goods and services provided to persons or entities in Texas.  Further, on information and belief, Defendant is subject to the Court's personal jurisdiction at least due to its sale of products and/or services within Texas. Defendant has committed such purposeful acts and/or transactions in Texas such that it reasonably should know and expect that it could be sued in this Court as a consequence of such activity.

6.     Venue is proper in this District under 28 U.S.C. § 1400(b). On information and belief, Defendant has a regular and established place of business in Texas and in this District at 5429 Lyndon B Johnson Fwy, Suite 550, Dallas, TX 75240.  On information and belief, from and within this District, Defendant has committed acts of infringement, including at least a portion of the infringements at issue in this case.

7.     For these reasons, personal jurisdiction exists and venue is proper in this Court under 28 U.S.C. § 1400(b).

### III.  COUNT I
### (PATENT INFRINGEMENT OF UNITED STATES PATENT NO. 9,054,860)

8.     Plaintiff incorporates the above paragraphs herein by reference.

9.     On June 9, 2015, United States Patent No. 9,054,860 ("the '860 Patent") was duly and legally issued by the United States Patent and Trademark Office.  The priority date of the '860

patent is at least as early as January 2, 2008. The term of the patent is extended or adjusted under 35 U.S.C. §154(b) by 2,287 days. A true and correct copy of the '860 Patent is attached hereto as Exhibit A and incorporated herein by reference.

10. DVS is the assignee of all right, title, and interest in the '860 patent, including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the '860 Patent. Accordingly, DVS possesses the exclusive right and standing to prosecute the present action for infringement of the '860 Patent by Defendant.

11. The '860 patent teaches systems and methods related to embedding digital identification modules within one or more electronic files. (Ex. A at 1:7-10).

12. With the advent of the World Wide Web, many businesses and entities began conducting business and communicating electronically. (*Id.* at 1:19-22). As a result, various methods of associating an electronic file or document with entities, including using electronic signatures on electronic file or document, were developed. (*Id.* at 1:23-26). A common method of electronically signing a document included placing a forward or backward slash prior to and/or following the signatory's typed name, *e.g.*, "/John Doe/," on a signature line. (*Id.* at 1:26-32). These various electronic signatures are difficult to authenticate and it is arduous, if not impossible, to verify and/or authenticate the identity of a signatures. (*Id.* at 1:32-36). As a result, there was a need in the art for a digital verified identification system structured to facilitate authenticating or verifying the identity of an electronic signature to a file and/or otherwise structured to associate an electronic file with an entity. (*Id.* at col. 1:37-41). The inventor therefore determined that it would be beneficial to provide a system having a digital identification module associated with an entity structured to be embedded within an electronic file. (*Id.* at col. 1:41-49). The inventor further

3

determined that it would be particularly advantageous if the digital identification module is structured to be embedded within only a single electronic file. (*Id.* at 4:36-39).

13.     **Direct Infringement.** Upon information and belief, Defendant has been directly infringing and continues to infringe claim 26 of the '860 Patent in this District, Texas, and elsewhere in the United States. As shown below, Defendant infringes claim 26 of the '860 patent by performing (through use and testing) the claimed method of digital identification verification using its Signhost product.

14.     Defendant performs a method of digital identification verification. For example, Defendant provides Signhost, a cloud-based electronic signature platform integrated with Identity as a Service (IDaaS) for issuing digital certificates and generating secure digital signatures. Signhost enables users to electronically sign documents remotely and applies a digital seal for each signer once the signing is complete. This digital seal ensures the document's integrity and non-repudiation, functioning like a digital padlock that becomes invalid if the document is modified in any way.



(https://www.signhost.com/).

> - **Entrust Signhost**: A cloud-based electronic signature portal available via web browsers, mobiles, or via a REST API. It is fully integrated with Remote Signing Service, Signing Automation Service, and Identity as a Service
> - **Entrust Remote Signing Service**: A cloud-based solution for issuing digital certificates and generating secure digital signatures.
> - **Entrust Signing Automation Service**: A cloud-based service that allows you to issue branded certificates and electronic seals.
> - **Entrust Document Signing Certificates**: Dedicated certificates for creating trusted signatures using secure USB tokens or HSMs.
> - **Entrust Identity as a Service**: Our managed service offering empowers you with trusted identity management for workforces, consumers, and citizens through phishing-resistant multi-factor authentication.
> - **nShield HSMs**: Our secure hardware solutions for creating and storing cryptographic keys, digital signatures, and more.

(https://www.entrust.com/resources/learn/digital-signatures).[1]

> Signhost is a trusted service provider offering a one-stop platform to guarantee the evidential value of your digital transactions. We support all types of electronic signatures defined under eIDAS regulation (Regulation (UE) N° 910/2014), including advanced and qualified electronic signatures. We provide a wide range of signing methods to verify signer identities, including eIDAS compliant eID schemes.

(https://www.signhost.com/compliance).

# Accelerate your workflow with E-Signing

> The Electronic Signature allows you to sign your documents from anywhere in the world with the security and reliability you need. Operate faster, efficiently, and digitally.

(https://www.signhost.com/products/electronic-signature).

---

[1] Red text, boxes, and lines on the images in this Complaint are notations added to the image to facilitate the identification of relevant information supporting the accusation of infringement.



(https://www.entrust.com/sites/default/files/2024-04/digital-sealing-sb.pdf at 1)

(https://www.entrust.com/sites/default/files/2024-04/digital-sealing-sb.pdf at 1).

(https://www.entrust.com/sites/default/files/2024-12/global-remote-online-notarization-ds.pdf at 2).

**KEY FEATURES & BENEFITS**

## Improved document security

> A digital seal acts like a digital padlock on a PDF document. Once it's in place, any modification of the content will invalidate the seal, leaving a visual proof of document tampering.

(https://www.entrust.com/sites/default/files/2024-04/digital-sealing-sb.pdf at 2).

15.     Defendant performs the step of receiving at least one verification data element from an entity. For example, the Signhost platform enables users, such as employees, to upload documents for signing and share them with signers, such as customers ("an entity"). Further, the customer signs and authenticates through IDaaS, where the customer's identity attributes ("at least one verification data element") are shared from IDaaS to the Signhost platform.



(https://www.entrust.com/sites/default/files/2024-04/esignatures-using-federated-identity-sb.pdf at 2).



(https://www.signhost.com/).



(https://www.signhost.com/).

16. Defendant performs the step of creating at least one digital identification module corresponding to the entity, wherein the digital identification module includes at least one primary component at least partially associated with the entity. For example, after the customer signs and authenticates via IDaaS, the Signhost creates the signature ("at least one primary component at least partially associated with the entity") using the customer's attributes and adds a trusted digital

8

seal for each customer ("at least one digital identification module corresponding to the entity") and public timestamp.



(https://www.entrust.com/sites/default/files/2024-04/esignatures-using-federated-identity-sb.pdf at 2).



(https://www.entrust.com/sites/default/files/2024-04/digital-sealing-sb.pdf at 1).

17. Defendant performs the step of embedding the at least one digital identification module within an electronic file, wherein said at least one digital identification module is cooperatively structured to be embedded within only a single electronic file. For example, after creating the digital signature and the trusted digital seal, Signhost finalizes the signed document ("embedding the at least one digital identification module within an electronic file"). Additionally, the trusted digital seal acts as a digital padlock, where any modification to the document invalidates the seal, leaving visible proof of tampering. The digital seal is cooperatively structured to be embedded within only a single document, as any changes to the file invalidate the seal.



(https://www.entrust.com/sites/default/files/2024-04/esignatures-using-federated-identity-sb.pdf at 2).

**KEY FEATURES & BENEFITS**

## Improved document security

A digital seal acts like a digital padlock on a PDF document. Once it's in place, any modification of the content will invalidate the seal, leaving a visual proof of document tampering. — said at least one digital identification module is cooperatively structured to be embedded within only a single electronic file

(https://www.entrust.com/sites/default/files/2024-04/digital-sealing-sb.pdf at 2).

**Embedded proof of signing/sealing for independent verification**

Digital seals and timestamps on PDF documents that use long-term validation (LTV) give strong proof of the existence of the document from the exact date and time it was timestamped. This proof sits within the document and can be checked by anyone using a compatible PDF reader such as Adobe Acrobat Reader. — embedding the at least one digital identification module within an electronic file

(https://www.entrust.com/sites/default/files/2024-12/global-remote-online-notarization-ds.pdf at 2).

18.     **Induced Infringement.** Upon information and belief, Defendant has been and now is inducing infringement of claim 26 of the '860 patent in the State of Texas, in this District, and elsewhere in the United States, by providing Signhost, a cloud-based electronic signature platform integrated with Identity as a Service (IDaaS) for issuing digital certificates and generating secure digital signatures, for use by Defendant's customers to perform a method that infringes claim 26 as described above. (*Supra* ¶¶14-17).  At least as of the filing of this lawsuit and service of the Complaint, Defendant has had knowledge of the '860 Patent, knowledge that the use of Signhost to provide a cloud-based electronic signature infringed claim 26 of the '860 Patent, and that this use of Signhost by its customers to provide a cloud-based electronic signature constituted direct patent infringement.  Despite this knowledge of infringement of claim 26 of the '860 patent,

Defendant continued to encourage and induce its customers to use Signhost to provide a cloud-based electronic signature by providing Signhost to its customers with instructions (as described above) for use in a manner that infringed claim 26 of the '860 patent. Through maintenance and operation of Signhost, when Defendant's customers use Signhost to provide a cloud-based electronic signature, Defendant is and has been committing the act of inducing infringement by specifically intending to induce infringement by providing Signhost to provide a cloud-based electronic signature to its customers and by aiding and abetting its use in a manner known by Defendant to infringe claim 26 of the '860 Patent. Specifically, Defendant provides Signhost to its customers knowing that the cloud-based electronic signature platform will be used as a method of digital identification verification by receiving at least one verification data element from a customer, creating a digital identification module corresponding to the customer, wherein the digital identification module includes at least one primary component at least partially associated with the customer, and embedding the at least one digital identification module within an electronic file, and the digital identification module is cooperatively structured to be embedded within only a single electronic file. (*Supra* ¶¶14-17). Defendant also provides Signhost and instructs its customers how to use Signhost to provide a cloud-based electronic signature to be embedded within only a single electronic file. (*Supra* ¶¶14-17). Defendant therefore knowingly induced infringement and specifically intended to encourage and induce the infringement of claim 26 of the '860 patent by its customers. Even where performance of the steps required to infringe claim 26 of the '860 patent is accomplished by Defendant and Defendant's customer jointly, Defendant's actions have solely caused each of the steps to be performed.

19. Plaintiff has been damaged as a result of Defendant's infringing conduct. Defendant is thus liable to Plaintiff for damages in an amount that adequately compensates

Plaintiff for such infringement of the '860 Patent, *i.e.*, in an amount that by law cannot be less than would constitute a reasonable royalty for the use of the patented technology, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

20. On information and belief, Defendant will continue its infringement unless enjoined by the Court. Each and all of the Defendant's infringing conduct thus causes Plaintiff irreparable harm and will continue to cause such harm without the issuance of an injunction.

21. The asserted claim of the '860 Patent (claim 26) is a method claim to which the marking requirements are not applicable. Plaintiff has therefore complied with the marking statute 35 USC §287.

## V. **JURY DEMAND**

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

## VI. **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court find in its favor and against Defendant, and that the Court grant Plaintiff the following relief:

a. Judgment that claim 26 of United States Patent No. 9,054,860 has been infringed directly and indirectly, either literally and/or under the doctrine of equivalents, by Defendant;

b. Judgment that Defendant account for and pay to Plaintiff all damages to and costs incurred by Plaintiff because of Defendant's infringing activities and other conduct complained of herein, and an accounting of all infringements and damages not presented at trial;

c. That Defendant be permanently enjoined from any further activity or conduct that infringes;

d. That Plaintiff be granted pre-judgment and post-judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein; and

  e.  That Plaintiff be granted such other and further relief as the Court may deem just and proper under the circumstances.

May 30, 2025              Respectfully Submitted,

                  <u>/s/ Benjamin C. Deming</u>
                  Benjamin C. Deming
                  DNL ZITO
                  3232 McKinney Ave
                  Suite 500
                  Dallas, Texas 75204
                  bdeming@dnlzito.com

                  Joseph J. Zito
                  DNL ZITO
                  1250 Connecticut Ave., NW #700
                  Washington, DC 20036
                  202-466-3500
                  jzito@dnlzito.com

                  <u>Of Counsel:</u>
                  David R. Bennett (IL Bar No.: 6244214)
                  (*pro hac vice* application to be filed)
                  DIRECTION IP LAW
                  P.O. Box 14184
                  Chicago, Illinois 60614-0184
                  Telephone: (312) 291-1667
                  dbennett@directionip.com

                  *Attorneys for Digital Verification Systems, LLC*